IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CT-03278-M

| | | |
|---|---|---|
| THEODORE MACON CARRINGTON, Jr., Plaintiff, | ) | |
| v. | ) | ORDER |
| MICROSOFT, et al., Defendants. | ) | |

On September 9, 2026, Theodore Macon Carrington, Jr. ("plaintiff"), a civil detainee at the Butner Federal Medical Center ("F.M.C. Butner"), filed *pro se* a complaint under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), see Compl. [D.E. 1], and a motion for leave to proceed without prepayment of fees, Mot. [D.E. 2].

Although the court granted plaintiff's motion to proceed without prepayment of fees and initiated monthly payments under the Prison Litigation Reform Act ("PLRA"), see Order [D.E. 6], because plaintiff is committed to the custody of the U.S. Attorney General under 18 U.S.C. § 4246, see Order [D.E. 23], United States v. Carrington, Jr., No. 5:22-HC-02093-M (E.D.N.C. Mar. 23, 2023), he is not subject to the restrictions of the PLRA, see 42 U.S.C. § 1997e(h); Banks v. Hornak, 698 F. App'x 731, 735 (4th Cir. 2017) (unpublished); Hicks v. James, 255 F. App'x 744, 747–48 (4th Cir. 2007) (per curiam) (unpublished); Perkins v. Beeler, 207 F. App'x 262, 263 (4th Cir. 2006) (per curiam) (unpublished). Accordingly, the court REVOKES the prior order [D.E. 6], and DIRECTS the clerk to refund any payments collected.

The court now conducts its initial review of the complaint under 28 U.S.C. § 1915 and, for the reasons discussed below, dismisses the action for failure to state a claim.

Legal Standard:

When reviewing applications for leave to proceed *in forma pauperis*, the court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of the pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–84 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012).

In Bivens, the Supreme Court "'recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" Iqbal, 556 U.S. at 675 (citation omitted); see Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001) ("The purpose of Bivens is to deter individual federal officers from committing constitutional violations."). To state a cognizable Bivens claim, "a plaintiff must plead that each Government-

official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978).

Plaintiff's Complaint:

Plaintiff names as defendants in this action Microsoft, Bill Gates, United States Senator Ron Johnson, former director of Cyber Command Chris Krebs, and the United States Department of Justice ("DOJ"). Compl. [D.E. 1] at 1–2. As the basis for federal question jurisdiction under Bivens, plaintiff writes: "Violation of the Whistleblower Protection Act, Blackmail, threats to myself and family, using influence for malicious prosecution [sic]." Id. at 3.

Plaintiff alleges, *inter alia*, that: on August 30, 2020, Jeh Johnson and Michael Chertoff "illegally took all Elections Responsibilities away from the States, and placed them under Chris Krebs," a former Microsoft employee; three days later, plaintiff "blew the whistle on this scheme to Senator Ron Johnson" via email; plaintiff immediately started being harassed by federal agents, "and would soon after be poisoned and hit with a weapon associated with Havana Syndrome [sic]"; plaintiff was arrested for threatening Senator Johnson and has been in federal custody since December 28, 2020; "in the interim, Chris Krebs and his former boss, Bill Gates, implemented an illegal election security MONOPOLY at Cyber Command and DHS, the program being called Election Guard Software by Microsoft [sic]"; "the Supreme Court gave the green light to Donald Trump's Mail in Ballot scheme to be administered by the US Post Office wit a National Database compiled by DHS [sic]"; there is "a Nationwide Vote Rigging Scam, consisting of an illegal power grab of all election security responsibilities by Cris Krebs at Cyber Command, and illegal Election Guard Monopoly by Bill Gates and Microsoft at Cyber Command, and now a Voter Database being compiled by Cyber Command and DHS [sic]"; "it will really be a 100% full proof vote

rigging scheme when the U.S. implements a Vote by Phone or Centralized Kiosk voting system, both of which are currently in the works [sic]"; "This is nothing short of a Criminal, RICO, Vote Rigging, Mafia Operation [sic]"; "I have been imprisoned for almost 6 years, while constantly being threatened by the principal participants who make it abundantly clear that they can have me killed, or my family killed at any time [sic]"; and "since Chris Krebs was a DHS Federal Agent, representing Bill Gates and Microsoft, (a government contractor), [plaintiff is] suing under the Bivens Statute [sic]." See id. at 6.

Plaintiff argues these actions violate the U.S. Constitution's Elections Clause, the Tenth Amendment, the Voting Rights Act of 1965, the Posse Comitatus Act, the National Voter Registration Act, the Federal Advisory Committee Act, federal ethics laws, and possibly could implicate the Fourth Amendment and federal acquisition regulations. See id. at 7–9.

For relief, plaintiff seeks $500,000,000,000.00 from each defendant. Id. at 3.

Discussion:

Plaintiff's claims fail for several reasons. First, the DOJ is not a person amenable to suit under Bivens. See Iqbal, 556 U.S. at 676; Malesko, 534 U.S. at 71–72; FDIC v. Meyer, 510 U.S. 471, 483–86 (1994); Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002), aff'd, 540 U.S. 614 (2004).

Next, the claims alleged in the complaint appear to be fanciful. See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (finding dismissal on initial review appropriate for "claims describing fantastic or delusional scenarios"). To the extent these claims are not wholly frivolous, the court nevertheless declines to recognize a Bivens cause of action in this case.

In Ziglar v. Abbasi, 582 U.S. 120, 130–31 (2017) ("Abbasi"), the Supreme Court noted it had recognized Bivens causes of action in only three instances – a Fourth Amendment claim in

Bivens, a Fifth Amendment Equal Protection Clause claim in Davis v. Passman, 442 U.S. 228 (1979) ("Davis"), and an Eighth Amendment deliberate indifference claim in Carlson v. Green, 446 U.S. 14 (1980) ("Carlson"). To recognize a Bivens cause of action, a court must discern if it has authority "to create and enforce a cause of action for damages against federal officials in order to remedy a constitutional violation." Abbasi, 582 U.S. at 133. Expanding the Bivens remedy is now a "disfavored judicial activity." Id. at 135 (quotation omitted). If a claim "presents a new Bivens context," id. at 139, the court then must assess whether any "special factors counsel[ ] hesitation" in recognizing a remedy "in the absence of affirmative action by Congress." Id. at 136; but see Egbert v. Boule, 596 U.S. 482, 492 (2022) (noting that, although Abbasi "describe[s] two steps," the steps "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy," and suggesting that a "rational reason" to defer to Congress will be present "in most every case").

Succinctly stated, plaintiff's instant claims present a "new context" that is meaningfully different from the causes of action previously recognized in Bivens, Davis, or Carlson. See Hernandez v. Mesa, 589 U.S. 93, 103 (2020) (noting a Bivens claim "may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized"); Abbasi, 582 U.S. at 140 (listing "the rank of the officers involved" and "the constitutional right at issue" as potential meaningful differences); see also Annappareddy v. Pascale, 996 F.3d 120, 132–34 (4th Cir. 2021).

The court also finds there are "special factors" that counsel hesitation before expanding the Bivens remedy in this case. See Abbasi, 582 U.S. at 136; Orellana v. Godec, 145 F.4th 516, 526 (4th Cir. 2025); Earle v. Shreves, 990 F.3d 774, 780 (4th Cir.), cert. denied, 142 S. Ct. 358 (2021).

Answering the Supreme Court's ultimate Bivens remedy expansion query – "whether there is any reason to think that Congress might be better equipped to create a damages remedy," Egbert, 596 U.S. at 492 – there indeed is a "rational reason" for the court to defer to Congress for creation of a damages remedy in this case, and the court declines to extend the Bivens remedy, see Abbasi, 582 U.S. at 140, 147 (noting, extension of the Bivens remedy "is a decision for the Congress to make, not the courts," and "even a modest [Bivens] extension is still an extension").

Finally, because this complaint cannot be cured by amendment, dismissal is appropriate. See Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 628 (4th Cir. 2015).

Conclusion:

In sum, the court: REVOKES the prior order granting plaintiff's motion to proceed without prepayment of fees [D.E. 6], and DIRECTS the clerk to refund any payments made pursuant to the PLRA; DISMISSES this Bivens complaint for failure to state a claim upon which relief may be granted, see 28 U.S.C. § 1915(e)(2)(B)(ii); and DIRECTS the clerk to close the case.

SO ORDERED this 15th day of October, 2026.

Richard E. Myers II

RICHARD E. MYERS II
Chief United States District Judge